**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devon Investment, Inc., | No. CV-15-00604-PHX-NVW |
| Plaintiff, | |
| v. | **ORDER** |
| Andes Industries, Inc., | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss or in the Alternative Join Required Parties and supporting memorandum (Docs. 24, 25), Plaintiff's response (Doc. 26), and Defendant's reply (Doc. 27).

**I.   BACKGROUND**

On April 3, 2015, Plaintiff initiated this lawsuit claiming breach of contract under a Promissory Note dated March, 2009 ("the Note"). Plaintiff alleged that under the Note Defendant promised to pay Dennis Lan the principal sum of US $4,700,507.00 plus interest and that Defendant has failed to pay all amounts due under the Note. Plaintiff further alleged that Dennis Lan fully performed under the Note and that on or about March 19, 2015, Dennis Lan "indorsed, assigned, contributed, and transferred" to Plaintiff all his rights, title, and interest in and to the Note, "including but not limited to all claims arising therefrom and all rights to enforce the [] Note and to recover and collect all amounts due under or arising from enforcement of the [] Note."

Defendant contends Dennis Lan is an affiliate and agent of Cheng-Sun Lan and both are residents of Taiwan. Defendant further contends that if Dennis Lan assigned the Note to Plaintiff, he did so to avoid Defendant's claim for offset against the Note in a lawsuit filed by Defendant on March 18, 2014, in the U.S. District Court for the District of Nevada against Cheng-Sun Lan, Dennis Lan, and entities controlled by Cheng-Sun Lan. Defendant has been unsuccessful in serving process on Cheng-Sun Lan and Dennis Lan in Taiwan. Defendant contends that if Cheng-Sun Lan and Dennis Lan are not parties in this lawsuit, Defendant may be found liable for repayment of the debt memorialized by the Note in the present lawsuit without opportunity for offset, and it may be unable to obtain a judgment against Cheng-Sun Lan and Dennis Lan in the Nevada lawsuit because it has been unable to serve them. In other words, the absence of Cheng-Sun Lan and Dennis Lan in both cases precludes Defendant from any recovery on its claims against Cheng-Sun Lan and Dennis Lan.[1]

Therefore, Defendant contends that Cheng-Sun Lan and Dennis Lan are necessary and indispensable parties, it is not feasible for Plaintiff to add them to this lawsuit, and the case should be dismissed under Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a party under Rule 19. Alternatively, Defendant asks that Plaintiff be required to add Cheng-Sun Lan and Dennis Lan to this lawsuit.

## II.  LEGAL STANDARD

Under Rule 19, the Court must determine:

> (1) whether an absent party is necessary to the action; and then, (2) if the party is necessary, but cannot be joined, whether the party is indispensable such that in "equity and good conscience" the suit should be dismissed.

---

[1] Defendant also has filed in this Court a lawsuit against two entities allegedly controlled by Cheng-Sun Lan, alleging the same claims as those alleged in the Nevada case. *See Andes Indus., Inc. v. EZconn Corp.*, CV-15-01810-PHX-NVW.

- 2 -

*Dawavendewa v. Salt River Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002). "The inquiry is a practical, fact-specific one, designed to avoid the harsh results of rigid application." *Id.* at 1154.

To determine whether the absent party is necessary to the action, the Court must decide whether (A) complete relief is possible among those already parties to the action or (B) the absent party has a legally protected interest in the action that will (1) be impaired or impeded by the action or (2) "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" because of the absent party's interest. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990); Fed. R. Civ. P. 19(a).

### III. ANALYSIS

#### A. Complete Relief Is Possible Among the Existing Parties.

Defendant contends that complete relief requires joinder of Cheng-Sun Lan and Dennis Lan, but Defendant actually means that it cannot obtain relief on its claims against them without them in this lawsuit because it cannot serve them in the Nevada lawsuit. Among the existing parties *in this lawsuit*, however, it is possible to accord complete relief.

In order to prevail in this lawsuit, Plaintiff must prove, among other things, that it has the right to enforce the Note executed by Dennis Lan and Defendant. Dennis Lan's absence in this lawsuit does not prevent Defendant from showing that Plaintiff does not have the right to enforce the Note or from proving any other defenses.

#### B. Defendant Will Not Be Subject to Inconsistent Obligations Because of Dennis Lan's Interest in the Note.

Defendant can be found liable to Plaintiff for breach of contract only if Plaintiff proves that Dennis Lan assigned his interest in the Note to Plaintiff. The evidence establishing Plaintiff's right to enforce the Note would disprove Dennis Lan's right to subsequently enforce the Note against Defendant. Moreover, either Dennis Lan or

Plaintiff is the current holder of the original Note. Plaintiff may be obligated to pay Dennis Lan or Plaintiff, but not both.

## IV. CONCLUSION

The Federal Rules of Civil Procedure do not require that Cheng-Sun Lan and Dennis Lan be joined as parties in this case to protect Defendant's possible offset against its debt based on unliquidated claims against Cheng-Sun Lan and Dennis Lan. After obtaining some discovery, Defendant may be able to show that Dennis Lan, not Plaintiff, is the real party in interest. Or it may be able to join Cheng-Sun Lan and Dennis Lan as counterdefendants in this case or add them as defendants in CV-15-01810-PHX-NVW. Meanwhile, this case should proceed in the normal course.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss or in the Alternative Join Required Parties (Doc. 24) as presented is denied without prejudice.

IT IS FURTHER ORDERED that Defendant file its response to the Complaint by **December 18, 2015**.

Dated this 25th day of November, 2015.

_____
Neil V. Wake
United States District Judge