**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devon Investment Inc., | No. CV-15-00604-PHX-NVW |
| Plaintiff, | |
| v. | **ORDER** |
| Andes Industries, Inc., | |
| Defendant. | |

Before the Court is Devon Investment Inc.'s Motion for an Award of Attorneys' Fees and Non-Taxable Costs (Doc. 59).

**I.      BACKGROUND**

This case arises out of a promissory note dated March 11, 2009 ("March 2009 Note") by which Andes Industries, Inc., promised to pay Chi-Jen (Dennis) Lan the principal sum of $4,700,507.00 with interest. The March 2009 Note provides that it shall be governed by the laws of the State of Arizona. Andes made partial interest only payments on the March 2009 Note. On March 19, 2015, Dennis Lan transferred to Devon Investment Inc. all of his rights, title, and interest in and to the March 2009 Note, including all rights to enforce the note and to recover and collect all amounts due thereunder.

On April 3, 2015, Devon sued Andes for breach of contract to recover and collect all amounts due under or arising from enforcement of the March 2009 Note. On September 5, 2017, the Court granted summary judgment in Devon's favor. On October

4, 2017, judgment was entered in favor of Devon and against Andes in the amount of: (1) the principal amount of $4,700,507.00, plus (2) pre-judgment interest to October 4, 2017, in the amount of $2,370,729.89 at the rate of 6% per annum simple interest, plus (3) post-judgment interest on $7,071,236.89 (the sum of amounts (1) and (2)) at the rate of 6% per annum from the date of entry of judgment (October 4, 2017) until paid. The October 4, 2017 judgment awarded Devon all of the relief it sought.

The March 2009 Note includes the following: "Borrower shall pay all costs and expenses, including reasonable attorneys' fees and court costs, incurred in the collection or enforcement of all or any part of this Note." (Doc. 1-1 at 4.) Devon seeks award of attorney's fees and related non-taxable expenses as provided by the March 2009 Note and A.R.S. § 12-341.01(A).

## II.  LEGAL STANDARD

A.R.S. § 12-341.01(A) provides: "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees. . . . This section shall not be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney fees." The statute does not apply when the parties have provided in their contract the conditions under which attorney's fees may be recovered if the statute "effectively conflicts with an express contractual provision governing recovery of attorney's fees." *Am. Power Prods., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 368, 396 P.3d 600, 604 (2017). But "rather than being completely supplanted by any attorney fee provision in the parties' contract, the statute—consistent with its plain language—applies to 'any contested action arising out of contract' to the extent it does not conflict with the contract." *Id.* To the extent that § 12-341.01(A) does not conflict with the parties' contract, it is incorporated into the contract. *Id.*

Although an award of reasonable attorney fees is discretionary under § 12-341.01(A), it is mandatory under the March 2009 Note. To determine reasonable attorney's fees in commercial litigation, courts begin by determining the actual billing

rate that the lawyer charged in the particular matter. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187, 673 P.2d 927, 931 (Ct. App. 1983). "In corporate and commercial litigation between fee-paying clients, . . . the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case." *Id.* at 187-88, 673 P.2d at 931-32. However, in determining reasonable rates, courts are not bound by the parties' agreements. *Id.* at 188, 673 P.2d at 932.

### III. ANALYSIS

#### A. Reasonable Attorney Fees

Devon entered into engagement agreements with its counsel through which it agreed to pay 70% of counsel's standard hourly rates upon receipt of monthly invoices and to pay all out-of-pocket costs and expenses. Devon agreed to pay a contingent fee consisting of the remaining 30% of counsel's standard hourly rates if Devon's claim was resolved, plus 20% of the net amount recovered as a result of resolution of Devon's claim. Andes does not dispute that Devon is eligible for and entitled to award of reasonable attorney fees. Andes does not contend that the requested hourly rates or hours expended are unreasonable. Andes objects to the amount requested based on 20% of the net amount of recovery because it results in an hourly rate much greater than Devon's counsel's standard hourly rates.

Under the Arizona Supreme Court's Rules of Professional Conduct, factors to be considered in determining the reasonableness of an attorney fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) the degree of risk assumed by the lawyer.

A.R.S. Sup. Ct. Rules, Rule 42, Rules of Prof. Conduct, ER 1.5. In addition, Local Rules require consideration of whether the fee contracted between the attorney and the client is fixed or contingent, the "undesirability" of the case, and awards in similar actions. LRCiv 54.2(c). All of these factors weigh in favor of awarding Devon reimbursement of its attorney fees billed at usual rates, but they do not justify an additional award of 20% of the judgment obtained.

Devon's counsel billed Devon at 70% of usual rates for a total of 286.2 hours from March 19, 2015, through October 18, 2017, which totaled $106,107.10. Under its engagement agreements, Devon must also pay contingent hourly fees at 30% of the usual rates for those hours, which is $45,474.47. Thus, the total amount of attorney fees incurred through October 18, 2017, at the usual rates is $151,581.57. Andes does not contend that either the usual hourly rates or the number of hours expended is unreasonable. In its reply brief, Devon seeks an additional $2,803.60 for post-judgment discovery and preparing the reply brief at 70% of the usual rates. Therefore, an award of $154,385.17 based on a reasonable number of hours charged at reasonable rates is justified.

Devon also seeks reimbursement for the contingency fee of 20% of the net amount recovered that it agreed to pay its counsel, which Devon calculates to be $1,381,089.07. Devon's engagement agreements define "net recovery" as "gross recovery" minus fees actually paid based on hourly rates and costs and expenses actually paid. They define "gross recovery" as "anything of value obtained or received directly or indirectly by [Devon] from any of the Claims," including money, reduction of debt, etc. Although Devon obtained a judgment of more than $7 million against Andes, Devon does not assert that it has received anything of value yet from Andes to satisfy the judgment. Therefore, an award of attorney fees based on any amount Devon hopes to recover from Andes would be speculative.

Moreover, an additional contingency fee of almost $1.4 million may be reasonable for Devon to pay its counsel because EZconn and eGtran spent hundreds of thousands of dollars to defeat Andes' claims in other cases, which negated purported offsets to Devon's claim, and because Devon's counsel risked receiving fees based on rates discounted by 30%. But neither reason justifies shifting the additional contingency fee to Andes. Therefore, Devon will be awarded attorney fees based on its counsel's usual hourly rates.

**B.     Non-Taxable Expenses**

Devon seeks award of $14,209.98 for related non-taxable costs. Andes objects to non-taxable costs that are not recoverable under A.R.S. § 12-341.01, such as copy and travel expenses. But Devon does not seek reimbursement of costs under § 12-341.01. Devon seeks recovery of costs based on the March 2009 Note, which requires Andes to pay "all costs of collection and enforcement." *See Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401, 404, 973 P.2d 106, 109 (1999) (trial court did not abuse its discretion by awarding non-taxable costs under the terms of the parties' contract). Andes has not identified any costs for which Devon seeks reimbursement that are unreasonable or unrelated to collection and enforcement of the March 2009 Note. Therefore, Devon will be awarded the full amount of non-taxable costs it requests.

IT IS THEREFORE ORDERED that Devon Investment Inc.'s Motion for an Award of Attorneys' Fees and Non-Taxable Costs (Doc. 59) is granted.

IT IS FURTHER ORDERED directing the Clerk to enter judgment in favor of Plaintiff Devon Investment Inc. and against Defendant Andes Industries, Inc., in the

/ / /

/ / /

/ / /

amount of $154,385.17 for attorney fees and $14,209.98 for non-taxable costs, plus post-judgment interest at the federal rate of 1.78% from the date of this judgment until paid.

Dated this 3rd day of January, 2018.

_____
Neil V. Wake
Senior United States District Judge