**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crestwood Capital Corporation,<br><br>      Plaintiff and Judgment Creditor,<br><br>v.<br><br>Andes Industries Inc.,<br><br>      Defendant and Judgment Debtor. | No. CV-15-00600-PHX-NVW<br><br>**ORDER** |
| Garnishee:<br><br>PCT International, Inc. | |
| Devon Investment, Inc.,<br><br>      Plaintiff and Judgment Creditor,<br><br>v.<br><br>Andes Industries, Inc.,<br><br>      Defendant and Judgment Debtor. | No. CV-15-00604-PHX-NVW |
| Garnishee:<br><br>PCT International, Inc. | |

| | |
|---|---|
| Andes Industries, Inc., and PCT International, Inc., | |
| Plaintiffs and Judgment Debtors,, | |
| v. | |
| EZconn Corporation and eGTran Corporation, | No. CV-15-1810-PHX-NVW |
| Defendants and Judgment Creditors. | |
| Garnishee: | |
| PCT International, Inc. | |

Plaintiffs and Judgment Creditors Crestwood Capital Corporation ("Crestwood") and Devon Investment, Inc. ("Devon") purport to withdraw their respective supplements to their replies to Andes Industries, Inc.'s ("Andes") Objection to Writ of Garnishment (Doc. 382, CV-15-00600; Doc. 113, CV-15-00604), along with the supporting declarations and exhibits thereto (Docs. 382-1, 382-2, CV-15-00600; Docs. 113-1, 113-2, CV-15-00604) without explanation. Those attempted withdrawals are rejected. Moreover, a withdrawal would have no significance anyway.

**A. Background and the Pending Matters**

The only matters before the Court for decision are: Judgment Debtor Andes' Objection to Writ of Garnishment and Request for Hearing in *Crestwood Capital Corporation v. Andes Industries, Inc.*, No. CV-15-00600 (Doc. 359); Andes' Objection to Writ of Garnishment and Request for Hearing in *Devon Investment, Inc. v. Andes Industries, Inc.*, No. CV-15-00604 (Doc. 90); and Andes' Objection to Writ of Garnishment and Request for Hearing in *Andes Industries, Inc. and PCT International, Inc. v. EZconn Corporation and eGTran Corporation*, No. CV-15-01810 (Doc. 76) (together, the "Objections"). The garnishing creditors, Crestwood, Devon, EZconn Corporation, and eGTran Corporation are collectively referred to as the Judgment Creditors.

These actions are three of six related, previously-consolidated, actions that have

been the subject of over a dozen substantive orders of the Court and a half-dozen decisions of the Court of Appeals.

Briefly, four of the actions were brought on loans of nearly $9 million and unpaid invoices of $6.6 million (plus pre-judgment interest). The debtors brought the other two actions to offset those liabilities with other claims of the debtors. Summary judgment was granted in favor of the lender or seller and against the borrower or purchaser in the four collection actions and in favor of the lender or seller against all the offset claims. The Court of Appeals affirmed all the judgments in the six actions, save for two relating to attorneys' fees awards.

The Objections concern Judgment Creditors' attempts to collect on their judgments by garnishing Andes' shares in garnishee PCT International, Inc. ("PCT"), Andes' wholly owned subsidiary. The Court held oral argument on the Objections on November 6, 2019 (Doc. 381, CV-15-00600; Doc. 112, CV-15-00604; Doc. 115, CV-15-01810). The substantive dispute is whether Nevada law, under which Andes' shares in PCT would be exempt from execution, or Arizona law, under which they would not be exempt, applies. At the oral argument, the Court rejected the Judgment Creditors' contention that Rule 69(a)(1), Federal Rules of Civil Procedure, mandates the application of Arizona law to the exemption question but also made clear that Arizona substantive law applies under Arizona's choice of law rules (though not under the force of Rule 69).

At the oral argument, Andes and PCT also pressed the point, first raised in their reply briefs, that Andes (the alleged holder of the stock certificate), and not PCT (the issuing corporation), is the proper garnishee of the stock interest, relying on the case of *Tryon v. Silverstein*, 10 Ariz. App. 25, 455 P.2d 474 (Ct. App. 1969). On November 19, 2019, Crestwood and Devon each filed a Second Supplement to their respective replies to Andes Industries, Inc.'s Objection to Writ of Garnishment, along with supporting declarations and exhibits (Docs. 382, 382-1, 382-2, CV-15-00600; Docs. 113, 113-1, 113-2, CV-15-00604), which presented intervening Arizona statutes that overturned the holding of *Tryon* and re-established that garnishment of a certificated share in corporate

stock may be addressed to the issuing corporation, even if the stock certificate is held by another person.  (In effect, the garnishment can be addressed to either the issuing corporation or the holder of the certificate, with some differences in effect.)  Crestwood and Devon also presented evidence that PCT's directors and officers are the same as Andes'.  Those facts are contained in judicially noticeable records of the Arizona Corporation Commission.

Unbeknownst to the Court, on November 15, 2019, Crestwood and others filed involuntary petitions in bankruptcy against Andes and PCT.  The Court first learned of this when Andes and PCT filed notices of bankruptcy on December 3, 2019  (Doc. 383, 15-CV-00600; Doc. 114, CV-15-00604; Doc. 116, CV-15-01810).  The Court was ready to file a merits ruling on the Objections that day, but the automatic stay prevented that filing.  The Court admonishes counsel for the Judgment Creditors, Mr. Greer Shaw, for not timely informing the Court of his bankruptcy filing, and thus having the Court waste valuable judicial resources by continuing to examine the Objections for weeks after the stay was imposed.

Then, on December 3, 2019, Crestwood and Devon each filed a Notice of Withdrawal of their respective second supplements to their replies to Andes Industries, Inc.'s Objection to Writ of Garnishment  (Doc. 384, CV-15-00600; Doc. 115, CV-15-00604).  Perhaps the withdrawal of the supplements was in contrition for violating the bankruptcy stay by filing them, but withdrawing citations to controlling statutes does not eliminate those statutes from any court's consideration.  Similarly, the fact that Andes and PCT have the same directors and officers is judicially noticeable from the records of the Corporation Commission.

Even before the filing of the Second Supplement, the Court was aware of the intervening statutes that overturned the holding of *Tryon*: that a writ of garnishment cannot be addressed to the issuing corporation for certificated stock shares if the certificate is held by someone other than the issuing corporation.  The effect of the intervening statutes is that the service of the writs of garnishment on the issuing corporation establishes the

garnishment lien on the shares of PCT, a point that will be of great significance in the bankruptcy proceedings, whether under Chapter 7 or Chapter 11.

The withdrawal of citations to controlling statutes does not negate those statutes. Nor does the withdrawal of reference to judicially noticeable facts eliminate those facts.

IT IS THEREFORE ORDERED that the Notice of Withdrawal of Second Supplement to Crestwood Capital Corporation's Reply to Andes Industries, Inc.'s Objection to Writ of Garnishment (Doc. 384, CV-15-00600) is denied and the record stands.

IT IS FURTHER ORDERED that the Notice of Withdrawal of Second Supplement to Devon Investment, Inc.'s Reply to Andes Industries, Inc.'s Objection to Writ of Garnishment (Doc. 115, CV-15-00604) is denied and the record stands.

Dated: December 11, 2019.

_____
Neil V. Wake
Senior United States District Judge